UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

MISS SHELLEY'S UPWARD PREP., INC.

                Debtor.

-------------------------------------------------------------x

Chapter 11

Case No. 09-79311

## LOCAL RULE 1007-4 AFFIDAVIT

STATE OF NEW YORK    )
                              ss.:
COUNTY OF NEW YORK  )

      Shelley Williams, being duly sworn deposes and states:

      1.      I am the president of Miss Shelley's Upward Prep., Inc. (the "Debtor"), and submit this affidavit pursuant to rule 1007-4 of the local rules of this Court.

      2.      The Debtor intends to file a voluntary Chapter 11 petition with the Clerk of this Court on or about December 3, 2009.  There is no other or prior bankruptcy case filed by or against the Debtor.  There has not been a committee of unsecured creditors organized prior to the order for relief in the Debtor's Chapter 11 case.

      3.      A copy of the Debtor's board resolution authorizing the Chapter 11 filing is attached to the petition and incorporated by reference herein.  Unless otherwise indicated, all financial information contained herein is presented on an estimated and unaudited basis.

      4.      The Debtor is a domestic not-for-profit 501(c)(3) corporation organized under the laws of the state of New York. The Debtor is not a small business debtor within the meaning of §101(51D) of the Bankruptcy Code.  The Debtor operates a private day care center and school for children between 6 months and 5 years of age.  The Debtor has been in operation since 1979 and has enjoyed a strong reputation in providing high quality day care for children of

working parents. Currently the Debtor has 104 students enrolled in its day care and school program. The Debtor is accredited by the Office of Children and Family Services and New York State Board of Regents.

5. The Debtor's immediate need for relief in this Court is to prevent the Internal Revenue Service ("IRS") from levying on the funds the Debtor receives from the New York State Department of Social Services ("DSS"). DSS provides the Debtor with funding based upon the number of students and the type of students enrolled at the school. The Debtor had engaged a consultant who was responsible for the Debtor's finances, including complying with its obligations to withhold taxes from its employees' pay. The consultant failed to withhold the proper taxes, which resulted in a large 941 tax obligation to the IRS. The Debtor has attempted to work out an installment payment agreement with the IRS. Unfortunately, the collection agent at the IRS would not entertain a feasible installment payment arrangement and advised the Debtor that the IRS would levy on the DSS. This would cause significant harm to the Debtor and the many families who rely upon the Debtor for reasonably priced, quality day care services.

6. Pursuant to Rule 1007-4(a)(v) of the local bankruptcy rules annexed hereto as **Exhibit "1"** is a list containing the names and addresses of the Debtor's twenty (20) largest unsecured creditors excluding insiders.

7. Pursuant to Rule 1007-4(a)(vi) of the local bankruptcy rules, annexed hereto as **Exhibit "2"** is a list containing the names of the holders of the Debtor's five (5) largest secured claims.

8. Pursuant to rule 1007-4(a)(vii) of the local bankruptcy rules, annexed hereto as **Exhibit "3"** is a summary of the Debtor's assets and liabilities. This is an internally generated estimate of assets and liabilities and may require certain adjustments.

9. The Debtor does not have any publicly held shares, debentures, or other securities.

10. There is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledge, assignee of rents, liquidators, secured creditors, or agents of such person.

11. The Debtor's assets consist primarily of its ownership of various real estate, which is utilized to operate the day care center and school. The Debtor also owns various furniture and fixtures, supplies and equipment, which are utilized in the operation of the school.

12. The Debtor's senior management consists of myself. My bi-weekly gross salary is $3,034.00. I am the president, founder and director of the school.

13. Aside from myself, the Debtor has thirty (30) employees, which consist of teachers and administrative staff. The Debtor's bi-weekly payroll is approximately $26,000.00.

14. The Debtor expects to generate gross revenues of approximately $65,000.00 for the thirty (30) day period following the Chapter 11 filing. The Debtor expects to break-even from operations during this period.

15. The Debtor operates its business from real estate, which the Debtor owns. The Debtor owns four contiguous pieces of real estate, consisting of 66 Nassau Road, Roosevelt, New York; 82 Nassau Road, Roosevelt, New York; 50 Nassau Road, Roosevelt, New York; and 23 Pleasant Avenue, Roosevelt, New York.

16. The Debtor intends to continue in the operation of its business and propose a plan of reorganization which treats all creditors in a fair and equitable manner consistent with the provisions of the Bankruptcy Code.

/s/ Shelley Williams
Shelley Williams
President

Sworn to before me this
3rd day of December, 2009

/s/ Karen Menendez
Karen Menendez
Notary Public, State of New York
No. 01ME6187810
Qualified in Queens County
Commission Expires May 27, 2012